**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| EMILY R. ANDERSON, an individual; and JASON ANDERSON, an individual,<br><br>Plaintiffs,<br><br>vs.<br><br>WYETH LLC, a Limited Liability Company; PFIZER INC., a Corporation; and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No. 1:25-cv-02217-CM<br><br>**ORAL ARGUMENT REQUESTED** |

**DEFENDANTS' REPLY IN SUPPORT OF THEIR**
**<u>MOTION TO DISMISS AND STRIKE PLAINTIFFS' COMPLAINT</u>**

## TABLE OF CONTENTS

I. THE OPLA SUBSUMES THE PRODUCT LIABILITY CLAIMS ....................................... 1

II. PUNITIVE DAMAGES ARE NOT AVAILABLE UNDER OHIO OR NEW JERSEY LAW ........................................................................................................................ 2

A. Ohio Law—the Place of the Tort—Governs Plaintiffs' Demand for Punitive Damages. ........................................................................................ 2

B. Alternatively, the Application of New Jersey Law Warrants Striking the Punitive Damages Demand. ....................................................................... 4

C. The Choice-of-Law Determination Is Ripe for Decision. ..................................... 5

CONCLUSION ........................................................................................................................ 6

CERTIFICATE OF SERVICE ............................................................................................ 8

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Barnett v. Johnson*,
839 F.Supp. 236 (S.D.N.Y. 1993) ....................2

*Bennett v. Cuomo*,
No. 22-CV-7846 (VSB), 2023 WL 2021560 (S.D.N.Y. Feb. 15, 2023) ....................6

*Boroff v. Alza Corp.*,
685 F.Supp.2d 704 (N.D. Ohio 2010)....................2

*Bragg v. Am. Home Prods. Corp.*,
No. 96 C 7775, 1996 WL 734672 (N.D. Ill. Dec. 18, 1996) ....................4

*Buckman v. Plaintiffs' Legal Committee*,
531 U.S. 341 (2001)....................3

*Cornett v. Johnson & Johnson*,
48 A.3d 1041 (N.J. 2012)....................3

*Cornett v. Johnson & Johnson*,
998 A.2d 543 (N.J. Super. Ct. App. Div. 2010)....................3

*Desiano v. Warner-Lambert & Co.*,
467 F.3d 85 (2d Cir. 2006)....................3

*Dobelle v. Nat'l R.R. Passenger Corp.*,
628 F.Supp. 1518 (S.D.N.Y. 1986) ....................3

*Doe v. Indyke*,
457 F.Supp.3d 278 (S.D.N.Y. 2020)....................5

*Droessler v. Wyeth-Ayerst Lab'ys*,
64 F.Supp.2d 1265 (S.D. Fla. 1999) ....................5

*Felske v. Hirschmann III*,
No. 10-cv-8899 (RMB), 2012 WL 716632 (S.D.N.Y. Mar. 1, 2012) ....................2

*In re Air Crash Near Clarence Ctr., N.Y., on Feb. 12, 2009*,
798 F.Supp.2d 481 (W.D.N.Y. 2011) ....................4

*In re Sept. 11th Litig.*,
494 F.Supp.2d 232 (S.D.N.Y. 2007)....................3

*McDarby v. Merck & Co. Inc*,
401 N.J. Super. 10 (App. Div. 2008) ....................................................................................3

*Nelson v. Biogen Idec Inc.*,
No. Civ. A. No. 12-7317, 2013 WL 1700918 (D.N.J. Apr. 19, 2013) ......................................5

*Redinger v. Stryker Corp.*,
No. 5:10 CV 104, 2010 WL 908675 (N.D. Ohio Mar. 12, 2010)...............................................2

*Rowe v. Hoffman-La Roche, Inc.*,
917 A.2d 767 (N.J. 2007)...........................................................................................................5

*Speedmark Transp., Inc. v. Mui*,
778 F.Supp.2d 439 (S.D.N.Y. 2011)..........................................................................................6

*Stratford v. SmithKline Beecham Corp.*,
No. 2:07-CV-639, 2008 WL 2491965 (S.D. Ohio June 17, 2008).............................................1

*Tamulavage v. Am. Home Prods. Corp.*,
No. 96 C 7769, 1996 WL 734673 (N.D. Ill. Dec. 19, 1996) ......................................................4

*Tarrant v. City of Mount Vernon*,
No. 20-cv-09004 (PMH), 2021 WL 5647820 (S.D.N.Y. Dec. 1, 2021)....................................2

*Tatintsian v. Vorotyntsev*,
No. 1:16-CV-7203-GHW, 2019 WL 1746004 (S.D.N.Y. Apr. 18, 2019) .................................5

*Tolliver v. Bristol-Myers Squibb Co.*,
No. 1:12 CV 00754, 2012 WL 3074538 (N.D. Ohio July 30, 2012)..........................................1

*Ventillo v. Falco*,
No. 19-cv-03664 (PMH), 2020 WL 7496294 (S.D.N.Y. Dec. 18, 2020)..................................2

*Williams v. Bausch & Lomb Co.*,
No. 2:08-CV-910, 2009 WL 2983080 (S.D. Ohio Sept. 14, 2009) ............................................2

*Williams v. Novartis Pharms. Corp.*,
15 F.Supp.3d 761 (S.D. Ohio 2014) ..........................................................................................5

**Statutes**

N.J. Stat. Ann. § 2A:58C-5c ........................................................................................................5

Plaintiffs agree that the Ohio Product Liability Act ("OPLA") subsumes each of the product liability causes of action in their Complaint. That concession is dispositive: since the Complaint fails to reference the OPLA, it does not satisfy federal pleading standards. The implied warranty, negligent misrepresentation, and fraud claims, moreover, should be dismissed with prejudice, because they are not cognizable under the OPLA.

Plaintiffs' demand for punitive damages likewise fails. Under New York choice-of-law rules, Ohio law governs the punitive damages inquiry because that is where the tort occurred. Ohio law bars punitive damages for FDA-approved products absent a finding by the agency of fraud, which Plaintiffs do not allege. Even if this Court adopts Plaintiffs' test for punitive damages and applies the law where Defendants committed the alleged misconduct, New Jersey law should govern. At the time of the alleged misconduct, Defendants' predecessor had its principal place of business in New Jersey—not New York as Plaintiffs claim. New Jersey, like Ohio, prohibits punitive damages for FDA-approved drugs. Either way, Plaintiffs' demand for punitive damages should be stricken.

## I. THE OPLA SUBSUMES THE PRODUCT LIABILITY CLAIMS

Plaintiffs concede that Ohio law governs and that the OPLA subsumes each of their common law product liability claims. *See* Opp'n at 2 [ECF No. 38]. Because the Complaint fails to cite to the OPLA, the Court must dismiss the Complaint. *See* Mot. at 5 [ECF No. 29].

Plaintiffs nevertheless claim that they have included sufficient allegations to satisfy federal notice pleading standards and do not need to cite the OPLA itself. *See* Opp'n at 2. Plaintiffs fail to identify a single case in support. To the contrary, federal district courts applying Ohio law explicitly require plaintiffs to replead their claims with reference to the OPLA. *See* Mot. at 5 (citing *Tolliver v. Bristol-Myers Squibb Co.*, No. 1:12 CV 00754, 2012 WL 3074538, at *3 (N.D. Ohio July 30, 2012); *Stratford v. SmithKline Beecham Corp.*, No. 2:07-CV-639, 2008 WL

2491965, at *5 (S.D. Ohio June 17, 2008); *Boroff v. Alza Corp.*, 685 F.Supp.2d 704, 709 (N.D. Ohio 2010); *Williams v. Bausch & Lomb Co.*, No. 2:08-CV-910, 2009 WL 2983080, at *4 (S.D. Ohio Sept. 14, 2009); *Redinger v. Stryker Corp.*, No. 5:10 CV 104, 2010 WL 908675, at *2 (N.D. Ohio Mar. 12, 2010)).

As Defendants explained in their motion, the claims for implied warranty (Count III), negligent misrepresentation (Count V), and fraud/fraudulent concealment (Count VI) must be dismissed with prejudice, because the OPLA does not recognize these claims. *See* Mot. at 7–8 (collecting cases). Plaintiffs have no response and therefore have waived the argument. *See* *Ventillo v. Falco*, No. 19-cv-03664 (PMH), 2020 WL 7496294, at *12 (S.D.N.Y. Dec. 18, 2020) (collecting cases where courts treated an argument or claim waived because plaintiff failed to address the argument or claim in response to a motion to dismiss); *Tarrant v. City of Mount Vernon*, No. 20-cv-09004 (PMH), 2021 WL 5647820, at *5 (S.D.N.Y. Dec. 1, 2021) ("Plaintiff chose consciously, by his silence [in opposition], to waive and abandon any argument he could have made."); *Felske v. Hirschmann III*, No. 10-cv-8899 (RMB), 2012 WL 716632, at *3 (S.D.N.Y. Mar. 1, 2012) ("A plaintiff effectively concedes a defendant's arguments by his failure to respond to them."). The Court should dismiss the implied warranty and fraud-based claims with prejudice.

## II. PUNITIVE DAMAGES ARE NOT AVAILABLE UNDER OHIO OR NEW JERSEY LAW

Plaintiffs' argument that New York law should govern their punitive damages request is legally and factually wrong. *See* Opp'n at 4.

### A. Ohio Law—the Place of the Tort—Governs Plaintiffs' Demand for Punitive Damages.

As explained in Defendants' Motion, for claims sounding in tort, New York courts "generally will select the law of the state in which the tort was committed as the applicable law." Mot. at 4 (quoting *Barnett v. Johnson*, 839 F.Supp. 236, 242 (S.D.N.Y. 1993)). This is also true

for claims for punitive damages. *See In re Sept. 11th Litig.*, 494 F.Supp.2d 232, 239 (S.D.N.Y. 2007) ("*[L]ex loci delicti*—the law of the place of the tort—applies to Plaintiffs' claims for punitive damages."). Where the defendant's alleged misconduct and the plaintiff's injury occur in different jurisdictions, as the case here, "the place of the tort is the jurisdiction where 'the last event necessary' to make the defendant liable occurred." *Id.* (citation omitted). For punitive damages, that "is the place where the conduct causing the injury occurred." *Dobelle v. Nat'l R.R. Passenger Corp.*, 628 F.Supp. 1518, 1529 (S.D.N.Y. 1986).

Here, that place is Ohio—where Ms. Anderson allegedly was prescribed and ingested diet drugs, and where Defendants marketed diet drugs to Ms. Anderson and her prescribing physician. Under Ohio law, punitive damages are not available unless the FDA has made a specific finding of fraud. *See* Mot. at 8–9. The Complaint nowhere alleges that the FDA made a finding of fraud. Without such an allegation, Plaintiffs' demand for punitive damages cannot stand as a matter of Ohio law. This is a ***pleading failure***, not an evidentiary dispute as Plaintiffs suggest. *See* Opp'n at 11.

Plaintiffs' reliance on *Desiano* is misplaced. *See* Opp'n at 12. The *Desiano* court analyzed the Michigan (not Ohio) product liability statute and did not consider a claim for punitive damages. *See generally Desiano v. Warner-Lambert & Co.*, 467 F.3d 85, 91 (2d Cir. 2006). To the extent *Desiano* stands for the proposition that fraud-on-the-FDA claims are not preempted by federal law, it contravenes binding Supreme Court precedent in *Buckman v. Plaintiffs' Legal Committee*, 531 U.S. 341, 348–49 (2001). *Accord McDarby v. Merck & Co. Inc*, 401 N.J. Super. 10, 94 (App. Div. 2008) (exception for punitive damages under New Jersey Product Liability Act is preempted under *Buckman*); *Cornett v. Johnson & Johnson*, 998 A.2d 543, 566–67 (N.J. Super. Ct. App. Div. 2010) (similar), *aff'd*, 48 A.3d 1041 (N.J. 2012).

Plaintiffs also rely on case law suggesting that a plaintiff's domicile has limited relevance in the punitive damages analysis. *See* Opp'n at 2. On this point, Defendants agree. For conduct-regulating rules like punitive damages, the law of the place of the tort should govern. *See supra* pp. 2–3. Here, that place is Ohio—where Plaintiff was prescribed and ingested the drug—and Plaintiffs' domicile (Idaho) has limited relevance.

**B. Alternatively, the Application of New Jersey Law Warrants Striking the Punitive Damages Demand.**

Even if this Court applies the law where Defendants' alleged misconduct occurred, as Plaintiffs urge, *see* Opp'n at 2–4, New Jersey—not New York—law should apply. ***First***, the Complaint does not allege that any wrongful conduct actually occurred in New York. There are no allegations, for example, that Defendants designed, manufactured, or made labeling decisions related to diet drugs in New York.

***Second***, when a corporate defendant has "changed its domicile," courts typically apply the law of the state where "the alleged effect of those decisions came to [ ] fruition." *In re Air Crash Near Clarence Ctr., N.Y., on Feb. 12, 2009*, 798 F.Supp.2d 481, 491 (W.D.N.Y. 2011). Here, Plaintiffs claim incorrectly that "the ultimate decision makers in 1996 and 1997 were at the New York corporate headquarters of American Home Products, Inc.," the predecessor of Wyeth and Pfizer. Opp'n at 4. In support, Plaintiffs cite a ***1990 decision*** identifying American Home Product's principal place of business as New York. But ***by 1996 and 1997***—when the alleged misconduct occurred—American Home Products had relocated its principal place of business to New Jersey. *See, e.g.*, *Tamulavage v. Am. Home Prods. Corp.*, No. 96 C 7769, 1996 WL 734673, at *1 (N.D. Ill. Dec. 19, 1996) (identifying American Home Product's principal place of business as New Jersey); *Bragg v. Am. Home Prods. Corp.*, No. 96 C 7775, 1996 WL 734672, at *1 (N.D.

Ill. Dec. 18, 1996) (same); *see also Droessler v. Wyeth-Ayerst Lab'ys*, 64 F.Supp.2d 1265, 1267 (S.D. Fla. 1999) (same).

Thus, even if this Court believes that where Defendants conducted their operations is relevant to the punitive damages inquiry, New Jersey law should apply. In New Jersey—like Ohio—"FDA approval of prescription drugs conclusively prohibits an award of punitive damages in products liability actions." *Rowe v. Hoffman-La Roche, Inc.*, 917 A.2d 767, 774 (N.J. 2007) (citation omitted); *see also* N.J. Stat. Ann. § 2A:58C-5c ("Punitive damages shall not be awarded if a drug . . . which caused the claimant's harm was subject to premarket approval or licensure by the federal Food and Drug Administration . . . and was approved or licensed."); *Williams v. Novartis Pharms. Corp.*, 15 F.Supp.3d 761, 769 (S.D. Ohio 2014) (holding that plaintiffs cannot recover punitive damages under New Jersey law); *Nelson v. Biogen Idec Inc.*, No. Civ. A. No. 12-7317, 2013 WL 1700918, at *3 (D.N.J. Apr. 19, 2013) (similar).

Accordingly, whether this Court applies Ohio law or New Jersey law, the result is the same: Plaintiffs' request for punitive damages must be stricken from the Complaint.

**C. The Choice-of-Law Determination Is Ripe for Decision.**

Finally, Plaintiffs are wrong that punitive damages choice-of-law determinations are "often premature at the motion-to-dismiss stage." Opp'n at 3. "[W]here punitive damages have been unavailable as a matter of law, courts have not hesitated to dismiss prayers for such damages at the threshold." *Doe v. Indyke*, 457 F.Supp.3d 278, 283 (S.D.N.Y. 2020) (collecting cases). Because punitive damages are unavailable as a matter of Ohio and New Jersey law, the Court can and should strike Plaintiffs' demand for punitive damages.

Plaintiffs' cited case law is inapposite. In *Tatintsian v. Vorotyntsev*, No. 1:16-CV-7203-GHW, 2019 WL 1746004, at *7 (S.D.N.Y. Apr. 18, 2019), the court declined to resolve the choice of law analysis "because the outcome is the same under the law of either state." The decision in

*Speedmark Transp., Inc. v. Mui*, 778 F.Supp.2d 439, 444 (S.D.N.Y. 2011), involved an employment agreement, requiring a "context-specific 'center of gravity' or 'grouping of contacts' analysis" to determine choice of law. Deciding choice of law in a tort action, by contrast, does not require the same fact-intensive analysis. *See supra* pp. 2–3. And in *Bennett v. Cuomo*, No. 22-CV-7846 (VSB), 2023 WL 2021560, at *2 (S.D.N.Y. Feb. 15, 2023), the court considered whether a motion to stay discovery was proper; it did not conduct a choice-of-law inquiry at all.

In a last ditch effort, Plaintiffs argue that it would be improper to strike the punitive damages request at the motion-to-dismiss stage because the Complaint does not contain sufficient details for the Court to conduct a proper choice-of-law analysis. *See* Opp'n at 3–4. But as the Complaint and Opposition make clear, Plaintiffs have all of the necessary information to allege where the corporate misconduct occurred. *See id.* at 7–8 (citing dozens of company documents). Plaintiffs cannot hide behind the inadequacies of their Complaint to avoid a dismissal of their punitive damages demand. At a minimum, the Court should strike the punitive damages request for failure to satisfy federal pleading standards.

## CONCLUSION

For the foregoing reasons and those stated in Defendants' opening brief, the Court should dismiss the Complaint.

Dated: June 2, 2025

Respectfully submitted,

*<u>/s/ Sharon D. Mayo</u>*
Jeffrey Horowitz
ARNOLD & PORTER KAYE SCHOLER LLP
250 West 55th Street
New York, NY 10019
Tel.: (212) 836-8000
jeffrey.horowitz@arnoldporter.com

Sharon D. Mayo (*pro hac vice*)
ARNOLD & PORTER KAYE SCHOLER LLP
Three Embarcadero Center, 10th Floor
San Francisco, CA 94111
Tel.: (415) 471-3100
sharon.mayo@arnoldporter.com

Kevin A. Cline (*pro hac vice*)
Anna K. Thompson (*pro hac vice*)
Angelique A. Ciliberti (*pro hac vice*)
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Avenue NW
Washington, DC 20001
Tel.: (202) 942-5000
kevin.cline@arnoldporter.com
anna.thompson@arnoldporter.com
angelique.ciliberti@arnoldporter.com

*Attorneys for Wyeth LLC and Pfizer Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on June 2, 2025, I electronically filed the foregoing **DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO DISMISS AND STRIKE PLAINTIFFS' COMPLAINT** with the Clerk of Court using the CM/ECF system, which will automatically send email notification of such filing to all attorneys of record, according to the Court's Electronic Mail Notice List.

*/s/ Sharon D. Mayo*
Sharon D. Mayo